SEMNAR & HARTMAN, LLP
Babak Semnar, Esq. (#224890)
bob@semnarlawfirm.com
Jared M. Hartman, Esq. (#254860)
jaredhartman@jmhattorney.com
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiff, ANDREW WYNAUGHT

**U.S. DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION**

| | |
|---|---|
| ANDREW WYNAUGHT, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LAW OFFICES OF D. SCOTT CARRUTHERS; and DOES 1-10, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** <br> 1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** <br> 2. **CALIFORNIA ROSENTHAL ACT** <br> 3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiff, ANDREW WYNAUGHT, an individual, by and through his attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff, by and through his attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendant LAW OFFICE OF D. SCOTT CARRUTHERS (hereinafter "Defendant CARRUTHERS") in

1
**COMPLAINT**

violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"), and the State of California Rosenthal Act, Calif. Civ. Code §§ 1788-1788.32   (hereinafter "Rosenthal Act"), and the State of California tort of Intentional Infliction of Emotional Distress (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050—1051).

1.     In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

2.     In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing

2
**COMPLAINT**

these injuries are inadequate to protect consumers.

Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

4. This action arises out of Defendant CARRUTHERS' violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as it pertains to the State of California Causes of Action.

5. Because Defendant CARRUTHERS conducts business within the State of California and maintains an office at 8448 Katella Avenue, in the City of Stanton, State of California, personal jurisdiction is established.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred

**COMPLAINT**

1   within this judicial district; and, (iii) Defendant conducted business within this judicial

2   district at all times relevant.

3                                   **PARTIES & DEFINITIONS**

4        7.      Plaintiff, as a natural alleged to owed money to Defendant arising out of a

5   school loan, which was alleged to have been due and owing, is therefore both a

6   "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also

7   therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the

8   Rosenthal Act.

9        8.      Plaintiff is therefore informed and believes that the money alleged to have

10  been owed to Defendant originated from monetary credit that was extended primarily

11  for personal, family, or household purposes, and is therefore a "debt" as that term is

12  defined by 15 U.S.C. § 1692a(5) of the FDCPA and Calif. Civil Code § 1788.2(d) of

13  the Rosenthal Act.

14       9.      Upon information and belief, Defendant was attempting to collect on a

15  debt that originated from a line of credit that was extended as a school loan, and was

16  therefore primarily for personal, family, or household purposes, and as such was a

17  "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(e) of

18  the Rosenthal Act.

19       10.     Because Plaintiff, a natural person allegedly obligated to pay money to

20  Defendant arising from what Plaintiff is informed and believes was a consumer credit

21  transaction, the money allegedly owed was a "consumer debt" within the meaning of

4
**COMPLAINT**

1    California Civil Code § 1788.2(f) of the Rosenthal Act.

2        11.    Plaintiff is informed and believes that Defendant CARRUTHERS utilizes

3    the instrumentalities of interstate commerce and the mails in a business for which the

4    principal purpose is the collection of any debts, and they regularly collect or attempt to

5    collect, directly or indirectly, debts owed or due or asserted to be owed or due another,

6    and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the

7    FDCPA and Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and they thereby

8    engage in "debt collection" within the meaning of California Civil Code § 1788.2(b) of

9    the Rosenthal Act, and are also therefore a "person" within the meaning of California

10   Civil Code § 1788.2(g) of the Rosenthal Act.

11                              **FACTUAL ALLEGATIONS**

12       12.    Defendant is a law firm whose primary practice is the collection of

13   outstanding debts, including consumer debts.

14       13.    By letter dated October 9, 2014, Defendant informed Plaintiff that

15   Defendant was contacting him to collect on an old debt that Plaintiff had incurred for

16   school financing.

17       14.    Plaintiff had been released from any obligation to owe this debt as a result

18   of a medical issue preventing him from finishing that schooling.

19       15.    The letter dated October 9, 2014 states that no litigation would be initiated

20   on this alleged debt for 30 days.

21       16.    On or about October 15, 2014, Plaintiff received a call at work from

1  Defendant, which call was placed directly to his place of work and the receptionist at

2  the critical care psych unit had to page Plaintiff over the intercom for this phone call.

3       17.    Plaintiff spoke to someone who identified herself as "Cheryl" with

4  Defendant's office.

5       18.    Plaintiff informed Cheryl that he had no idea why she was contacting him

6  because he had been released from any obligation to owe this alleged debt, and Cheryl

7  responded that because Plaintiff has been a debtor previously she is not surprised he

8  would say that.

9       19.    Plaintiff instructed Cheryl to not call him at his place of work anymore,

10  and Cheryl told Plaintiff that she will continue to call his place of work whenever she

11  wants and would only stop if his attorney faxes her a letter.

12       20.    The next day—October 16, 2014—Plaintiff received another call from

13  Cheryl on his work line, which also caused Plaintiff to be paged by the receptionist over

14  an intercom.

15       21.    During this phone call, Plaintiff again told Cheryl that he does not owe this

16  debt and he will be getting an attorney, to which Cheryl laughed and responded with,

17  "everyone says that and you will lose".

18       22.    During this phone call, Cheryl also threatened that Plaintiff would be

19  served with a lawsuit by her office at Plaintiff's place of work the following week,

20  despite Defendant's October 9th letter stating that no litigation would be commenced

21  within the next 30 days.

6

**COMPLAINT**

23.     During this phone call, Cheryl also questioned Plaintiff's ability to treat his patients, also accused Plaintiff of trying to hide from his problems, and threatened to contact his parents, sister and two of his friends to shame him into paying the alleged debt.

24.     Upon information and belief, Defendant has been the subject of many lawsuits for similar violations of consumer rights in connection with debt collection activity, yet Defendant persists in this unlawful conduct in direct defiance of the laws.

25.     As a result of Defendant's egregious conduct, Plaintiff has suffered mental anguish such as embarrassment and shame at being called on his work line and being paged over the intercom despite his insistence that she not call his place of work, suffered embarrassment and shame at the threat of being served at his place of work with a lawsuit on a debt that he had been released from, and also suffered anxiety, nervousness, anger, humiliation, and loss of sleep.

26.     At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692d:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27.     At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692f:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

28.   At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pertaining to pursuant to California Civil Code § 1788.17 of the Rosenthal Act, requiring all debt collectors to be responsible for and liable for all requirements contained with the Federal FDCPA, exceptions of which are not applicable:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

### FIRST CAUSE OF ACTION
### (VIOLATIONS OF FDCPA)
### 15 U.S.C. §§ 1692-1692p

29.   Plaintiff repeats, re-alleges, and incorporates by reference the above paragraphs, as though set forth fully herein.

30.   Defendant's conduct as described above constitutes conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt", and is therefore a violation of 15 U.S.C. § 1692d of the FDCPA.

31.   Defendant's  conduct  as  described  above  constitutes  "unfair  or

unconscionable means to collect or attempt to collect any debt", and is therefore a violation of 15 U.S.C. § 1692f of the FDCPA.

32.    Defendant's violations of the FDCPA entitle Plaintiff to actual damages for the mental anguish suffered upon him, as well as statutory damages of up to $1,000.00 and attorneys' fees and costs of litigation.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF ROSENTHAL ACT)**
**CAL. CIV. CODE §§ 1788-1788.32**

33.    Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

34.    By violating 15 U.S.C. §§ 1692d & 1692f of the FDCPA, Defendants have also therefore necessarily violated the Rosenthal Act, as those FDCPA violations have been incorporated into the Rosenthal Act by way of Calif. Civil Code § 1788.17.

35.    Defendant's violations of the FDCPA entitle Plaintiff to actual damages for the mental anguish suffered upon him, as well as statutory damages of up to $1,000.00 and attorneys' fees and costs of litigation.

**THIRD CAUSE OF ACTION**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

36.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

37.    "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention

9
**COMPLAINT**

of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.' " (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050—1051 [95 Cal.Rptr.3d 636, 209 P.3d 963]).

38.    Plaintiff is informed and believes, and on that basis alleges, Defendant's conduct as heretofore described was intended to cause Plaintiff severe emotional distress in order to force him to pay money.

39.    Defendant's conduct as heretofore described exceeded all bounds tolerated by a decent society, as a reasonable person could not possibly claim that Defendant's conduct in attempting to threaten and force Plaintiff  into paying money on a disputed debt would be accepted and tolerated by a decent society.

40.    Plaintiff further alleges that Defendant's conduct in fact caused him severe emotional distress in that he struggled with bouts of anxiety, humiliation, fear, nervousness, loss of sleep, feelings of hopelessness and despair, and stress as a result of the egregiously offensive conduct.

41.    Plaintiff is further informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined by California Civil Code sections

3294(c)(1) and 3294(c)(2), entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant and Plaintiff be awarded damages from each and every Defendant jointly and severally as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA;

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA;

- An award of actual damages pursuant to California Civil Code § 1788.30(a) of the Rosenthal Act, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code § 1788.32;

- An additional award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) of the Rosenthal Act, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;

- An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, as incorporated into the Rosenthal

1  Act by way of Calif. Civ. Code §1788.17, which are cumulative and in

2  addition to all other remedies pursuant to California Civil Code § 1788.32;

3  • An award of costs of litigation and reasonable attorney's fees pursuant to

4  Cal. Civ. Code § 1788.30(c) of the Rosenthal Act;

5  • For compensatory damages as will be proven at trial, pursuant to California

6  Civil Code § 3333;

7  • Attorney's fees pursuant to Calif. Code Civil Procedure § 1021.5;

8  • Punitive damages to be determined at trial, for the sake of example and

9  punishing Defendant for their malicious conduct with the intent to harm

10  Plaintiff personally, pursuant to Calif. Civ. Code § 3294(a).

11  Pursuant to the seventh amendment to the Constitution of the United States of

12  America, Plaintiff is entitled to, and demands, a trial by jury.

13  Dated: November 13, 2014            Respectfully submitted,

14                                      SEMNAR & HARTMAN, LLP

15                              By:     /s/ Jared M Hartman_____
                                        Jared M. Hartman, Esq.
16                                      Attorney for Plaintiff

17

18

19

20

21

**COMPLAINT**